OPINION
This is an appeal from the Lake County Court of Common Pleas. Appellant, John C. Nix, appeals the trial court's April 13, 1999 judgment entry vacating its prior order in favor of him and against appellee, Carol Porter.
The factual record reveals that appellant instituted the instant action against appellee on May 14, 1996, seeking damages in the amount of $11,165.96 for rendering professional consulting services. On April 3, 1997, the trial court ordered the matter to compulsory arbitration pursuant to Lake County Arbitration Rule Part I. Neither appellee nor her counsel appeared for the arbitration hearing, as required by Part III(E) of the arbitration rules. Consequently, the arbitration panel awarded appellant $11,165.96, plus interest.
On June 6, 1997, appellee filed a notice of appeal and requested a trial de novo, as permitted by Part III(E) of the local arbitration rules. On July 17, 1997, the trial court denied appellee's appeal and request for a hearing. Thus, appellee filed a motion for reconsideration and a Civ.R. 60(B) motion to vacate the judgment, and a notice of appeal to this Court on August 18, 1997, on the basis that there was defective notice of the arbitration hearing. Upon review, we remanded the matter in a judgment entry dated September 17, 1997, to the lower court for consideration of appellee's motion for reconsideration and Civ.R. 60(B) motion to vacate.
On remand, the trial court evaluated both motions and granted them in appellee's favor on September 25, 1997. The case was ordered back to arbitration. After the arbitration hearing, a judgment in the amount of $4,500, plus costs, was awarded to appellant in a report filed by the arbitrators on November 20, 1997. The trial court adopted the report of the arbitrators in a judgment entry filed January 12, 1998.
Appellee filed a notice of appeal of the award with the trial court on December 19, 1997. However, appellee's appeal was not docketed properly by the clerk's office. Thus, when the trial court issued its judgment entry adopting the November 20, 1997 arbitrators' report and award, it did so without knowing that an appeal from that report had been filed. Therefore, in a judgment entry dated April 13, 1999, the trial court, sua sponte, vacated its order filed on January 12, 1998, adopting the recommendations of the arbitrators.
Appellant now timely appeals the trial court's April 13, 1999 judgment entry vacating its prior order, raising the following assignment of error:
 "The trial court abused its discretion and erred to the prejudice of appellant when it vacated the judgment herein sua sponte [sic] without notice to appellant and without affording appellant a hearing."
In this assignment of error, appellant contends that the trial court erred in vacating its January 12, 1998 judgment entry because under Civ.R. 60(A), a trial court can make correctionssua sponte to a previous order only to correct clerical mistakes, and here, the change was substantive, which can only be done under Civ.R. 60(B). Appellant further avers that the lower court's April 13, 1999 judgment entry materially changed its prior order by vacating it, which is outside the scope of Civ.R. 60(A). Appellant also asserts that only under Civ.R. 60(A) may the trial court make a sua sponte ruling in this matter. Finally, appellant states that on the facts of this case, the trial court abused its discretion in altering its prior order without affording him notice and an opportunity to be heard.
In addressing this appeal, we will address appellant's assignment of error solely in the context of there being raised the issue of a possible Civ.R. 60(A) violation. The issue of trial courts being able to correct their judgments sua sponte will be limited to a discussion of how it operates under Civ.R. 60(A), as raised in this appeal. We will not engage in a general discussion of trial courts being able to alter their opinions suasponte under other areas of the Civil Rules, such as Civ.R. 59(D).
Pursuant to Civ.R. 60(A), a trial court may correct judgment entries issued by it sua sponte:
 "(A) Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *" (Emphasis sic.)
Civ.R. 60(A) has been interpreted by Ohio courts to permit a trial court to correct only clerical mistakes. Kuehn v. Kuehn
(1988), 55 Ohio App.3d 245, 247. Substantive mistakes cannot be corrected sua sponte by a court under Civ.R. 60(A). Id.
Clerical mistakes are those mistakes which consist of "`blunders in execution,'" while substantive mistakes consist of instances where the court changes its mind due to making either a legal or factual mistake or simply decides to exercise its discretion in a different manner. Id. Substantive changes may not be made without providing a party with notice and an opportunity to be heard. Id.; see, also, Civ.R. 60(B).
In Kuehn, the Twelfth District Court of Appeals reversed the lower court's judgment. In that case, the lower court had originally adopted the magistrate's recommendation that all shares of stock be divided equally as part of the divorce decree. In a later judgment entry, the trial court, sua sponte, altered its previous order so that nine shares of stock would not be divided due to its determination that they were non-marital property. The appellate court concluded that the modification represented a substantive change and was not proper under Civ.R. 60(A). Id.
In Musca v. Chagrin Falls (1981), 3 Ohio App.3d 192, the trial court originally issued a judgment entry granting injunctive relief to the plaintiff, which operated to preclude the village of Chagrin Falls from placing a tax lien on his property for non-payment of the water bill. Thirteen days later, without notice or providing the plaintiff an opportunity to be heard, the lower court vacated its prior order by denying the plaintiff's request for injunctive relief. In a subsequent judgment entry, the trial court stated that it had reversed its first judgment entry on the authority of Civ.R. 60(A).
On appeal, the Eighth District Court of Appeals reversed the judgment of the trial court on the basis that it had violated Civ.R. 60(A). The appellate court held that the change between the first and second opinions represented a "complete turnabout" in the substance of the decision. Id. at 194. Thus, Civ.R. 60(A) was violated.
Finally, in Hughes v. Hughes (May 9, 1997), Portage App. No. 96-P-0196, unreported, at 4, 6, 1997 WL 599589, this Court reversed the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, because it had violated Civ.R. 60(A) by substantively modifying its prior order. In that case, the trial court issued a second judgment entry in which the appellee was awarded approximately $4,300 more than the award in the first entry. The award was made in order to attempt to balance what was later believed to be an unequal property division in the first judgment entry.
In the instant matter, the trial court's April 13, 1999 judgment entry vacating its January 12, 1998 order did not violate Civ.R. 60(A). Indeed, although the effect of the April judgment entry was to vacate its prior order, the reason it was issued resulted from a purely clerical error. The record reveals that appellee had properly filed an appeal with the trial court concerning the arbitrators' November 20, 1997 report and award. The appeal was not docketed by the trial court. Thus, when the trial judge issued his January 12, 1998 judgment entry, he did so on the incorrect belief that no appeal had been filed. This, in our view, is an entirely clerical basis for modifying a previous opinion.
By acknowledging that it had issued its order without taking into account that appellee had filed an appeal, the facts of this case differ from those of Kuehn, Musca, Hughes, where the trial court's subsequent judgment entry was in violation of Civ.R. 60(A) because the modifications were substantive. For example, inKuehn, the trial court reviewed the merits of its previous opinion and then determined that nine shares of stock should have been characterized as non-marital property. In Musca, the lower court reviewed its prior decision and then vacated it on the basis that the defendant could place a tax lien on the plaintiff's property pursuant to water department regulations. Moreover, inHughes, we held that the court of common pleas violated Civ.R. 60(A) because it modified its prior judgment on the basis that it did not divide property in the divorce decree equally.
In each of those three cases, there existed no clerical error to be corrected. Rather, the trial court reconsidered the merits of the previous order and modified it in order to achieve some particular result. In contrast, in this matter, the trial court did not reconsider the merits of its earlier decision nor did it make a modification of its decision for substantive reasons. Instead, the court realized that it had failed to account for the fact that appellee had filed an appeal before rendering final judgment. Thus, there was no error in vacating its January 12, 1998 judgment entry.
For the foregoing reasons, appellant's assignment of error is without merit and the judgment of the Lake County Court of Common Pleas is affirmed.
 _______________________________ DONALD R. FORD, PRESIDING JUDGE
NADER, J., O'NEILL, J., concur.